J-A16025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOURDES M. RODRIGUEZ | |
| Appellant | No. 55 MDA 2020 |

Appeal from the PCRA Order Dated December 9, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0002315-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOURDES M. RODRIGUEZ | |
| Appellant | No. 56 MDA 2020 |

Appeal from the PCRA Order Dated December 9, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0003312-2015

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 10, 2020**

Appellant Lourdes M. Rodriguez appeals from the December 9, 2019 orders of the Court of Common Pleas of Luzerne County ("PCRA court"), which denied her petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-

46. PCRA counsel has filed a no-merit letter and petition to withdraw under

*Turner*/*Finley*.[1]  Upon review, we affirm and grant the petition to withdraw.

The facts and procedural history of this case is undisputed.  As summarized by the PCRA court:

> On May 21, 2015, [Appellant] was charged with aggravated assault, simple assault, endangering the welfare of children, and recklessly endangering another person.[2]  Prior to trial, the [trial c]ourt granted [Appellant's] motion *in limine*, which suppressed drug evidence found in [Appellant's] house.  On March 22, 2017, a jury found [Appellant] guilty of the above-described crimes.  Sentencing occurred on April 27, 2017.  On May 2, 2017, [Appellant] filed post-sentence motions, which were granted to the extent that she requested a sentence modification.  On November 13, 2017, [Appellant] was resentenced to an aggregate prison term of 10 to 20 years, followed by a five-year term of probation.  On December 11, 2017, [Appellant] filed a direct appeal and on June 29, 2018, the Superior Court affirmed [Appellant's] judgment of sentence.  On June 24, 2019, [Appellant

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] By way of background, the charges were predicated on the following facts. On March 21, 2015, West Hazleton police officers were called to a home located at 7 West Madison Avenue, West Hazelton Borough, Pennsylvania, based upon a report that a one-year-old female was unresponsive and bleeding from her mouth.  The child was transported via helicopter to Lehigh Valley Hospital, where she was found to have suffered fractures to her right clavicle and right arm, lacerations to her liver and spleen, internal bleeding and a possible contusion to her kidney, as well as facial, chest and abdominal bruising.  The treating physician indicated that the injuries were caused by blunt force trauma.  [Appellant], the victim's mother, offered differing stories regarding the origin of the victim's injuries.  *Commonwealth v. Rodriguez*, No. 1987 MDA 2019, unpublished memorandum, at 1-2 (Pa. Super. filed June 29, 2018).

J-A16025-20

> *pro se*] filed a timely PCRA [petition.[3]]  On July 15, 2019, PCRA
> counsel was appointed for [Appellant].  . . . [T]he only issue
> [Appellant] pursued at the PCRA hearing held on November 19,
> 2019 was trial counsel's alleged ineffectiveness for failing to call
> [Appellant] to testify at trial.

PCRA Court Opinion, 12/9/19, at 1-2 (unpaginated) (unnecessary capitalizations omitted).  On December 9, 2019, the PCRA court denied Appellant's petition.[4]  Appellant timely appealed.[5]  The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The PCRA court, however, filed a "Statement in Lieu of Opinion," incorporating and adopting its December 9, 2019 opinion denying Appellant's PCRA petition.  On February 3, 2020, this Court *sua sponte* consolidated Appellant's appeals relating to docket numbers 2315 of 2015 and 3312 of 2015.

_____

[3] The June 24, 2018 PCRA petition listed two separate docket numbers, namely: 2315 of 2015 and 3312 of 2015.

[4] The order denying the petition listed docket numbers 2315 of 2015 and 3312 of 2015 in the caption.

[5] In so doing, he filed two separate notices of appeal, one at each docket number.  The notices, however, each listed both docket numbers, *i.e.*, 2315 of 2015 and 3312 of 2015.  We decline to quash this appeal under **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018).  Recently, an *en banc* panel of this Court decided **Commonwealth v. Johnson**, 2020 PA Super 164, 2020 WL 3869723, __ A.3d __, (Pa. Super. filed July 9, 2020), (*en banc*), examining the proper application of **Walker** in light of **Commonwealth v. Creese**, 216 A.3d 1142 (Pa. Super. 2019) (reading **Walker** as a mandate to quash appeal unless notice of appeal contains only one trial court docket number).  The **Johnson** Court expressly overruled **Creese**, holding that as long as the appellant, as here, files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." **Johnson**, 2020 WL 3869723 at *4.

On April 20, 2020, Appellant's PCRA counsel filed in this Court an application to withdraw as counsel and a no-merit letter, wherein counsel presented a single issue for our review. "Whether the trial counsel was ineffective in failing to call Appellant to testify at trial." ***Turner/Finley*** Brief at 1.

Before we may consider this issue, we must address whether PCRA counsel has met the requirements of ***Turner/Finley***. For PCRA counsel to withdraw ***under Turner/Finley*** in this Court:

> (1)    PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2)    PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed pro se or hire his own lawyer.
>
> (3)    This Court must independently review the record and agree that the appeal is meritless.

***See Commonwealth v. Widgins***, 29 A.3d 816, 817-18 (Pa. Super. 2011) (citing or quoting ***Turner***, ***Finley***, ***Commonwealth v. Pitts***, 981 A.2d 875 (Pa. 2009), and ***Commonwealth v. Friend***, 896 A.2d 607 (Pa. Super. 2008), ***overruled in part by***, ***Pitts***).

We find that PCRA counsel has complied with ***Turner/Finley***. PCRA counsel has filed an application to withdraw and filed a ***Turner/Finley*** no-merit letter. Finally, PCRA counsel informed Appellant of her right to hire a new lawyer or file a pro se response.

We now address whether this appeal is indeed meritless. "On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Widgins*, 29 A.3d at 819. As this Court has explained:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three

factors of the "*Pierce*[6] test," or the claim fails." *Id.* Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

Instantly, Appellant's principal contention is that her trial counsel was ineffective for failing to call her to the stand for purposes of testifying in her own defense at trial.

As we have explained previously,

[The decision to testify on one's own behalf] is ultimately to be made by the accused after full consultation with counsel. In order to support a claim that counsel was ineffective for "failing to call the appellant to the stand," [the appellant] must demonstrate either that (1) counsel interfered with his client's freedom to testify, or (2) counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision by the client not to testify in his own behalf. . . . Counsel is not ineffective where counsel's decision to not call the defendant was reasonable.

*Commonwealth v. Todd*, 820 A.2d 707, 711 (Pa. Super. 2003) (citations omitted), *appeal denied*, 833 A.2d 143 (Pa. 2003).

Based on our review of the record herein, Appellant's claim is without merit. As the PCRA court explained:

At the PCRA hearing, [Appellant] testified that she had multiple discussions with Attorney Lermitte on whether to take the stand during trial. These discussions occurred prior to trial, and multiple times during trial. Attorney Lermitte prepared [Appellant] to testify at trial. At trial, before the defense rested, [Appellant] claimed that Attorney Lermitte asked if she wanted to testify. [Appellant] responded that she wanted to testify, but Attorney Lermitte denied [Appellant's] request, stating "just trust me," and

_____

[6] *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

proceeded with closing argument. [Appellant] claimed that she said nothing, as she had no knowledge about the trial process.

Attorney Lermitte also testified at the PCRA hearing that she discussed the risks and benefits of testifying multiple times with [Appellant]. Throughout the entire case, [Appellant's] decision to testify waivered [(sic)]. Attorney Lermitte prepared [Appellant] to testify at trial, explained the entire trial process, and even took her to the courtroom prior to trial, but waited to make the decision to testify until after the Commonwealth rested. Before the defense rested, the [c]ourt granted a brief recess to allow Attorney Lermitte to discuss the risk and benefits of testifying with [Appellant.[7]] Attorney Lermitte advised [Appellant] not to testify as [Appellant] could have opened the door to the suppressed drug evidence, which would have negatively affected [Appellant's] credibility and bolstered the Commonwealth's argument of child endangerment and aggravated assault. Attorney Lermitte also stated that [Appellant's] testimony was not needed as it would have been repetitive of prior witnesses and evidence. However, Attorney Lermitte explained to [Appellant] that "it's your decision. I'm not here to make decisions for you. . . . I'm just here to give you advice based on my experience, and I don't think you should testify." [Appellant] agreed with Attorney Lermitte, stating "I trust you." Attorney Lermitte believed that [Appellant] understood she was waiving her last opportunity to testify, and proceeded with her closing.

The [c]ourt found the testimony presented by Attorney Lermitte at the PCRA hearing to be credible and did not find [Appellant] credible. Attorney Lermitte never interfered with [Appellant's] freedom to testify as she spoke with her multiple times about testifying and guided her through the trial process. Attorney Lermitte allowed [Appellant] to make a voluntary, informed decision, after discussing the risks and benefits of testifying and

_____

[7] We observe that the trial court did not have an obligation to conduct an on-the-record colloquy to determine whether Appellant understood her right to testify and whether she made a knowing, voluntary, and intelligent waiver of her right to take the stand. *See Todd*, 820 A.2d at 712 (noting that "there is no express requirement that a trial court conduct such a colloquy with regard to a defendant's right to testify."). Indeed, our rules of criminal procedure do not provide for an on-the record colloquy for a defendant's right to testify in her own defense, as they do for guilty pleas and jury trial waivers. *See* Pa.R.Crim.P. 590 and 620.

guiding her through the trial process. Attorney Lermitte gave reasonable advice to [Appellant] as taking the stand may have opened the door to the suppressed drug evidence, which would have significantly prejudiced [Appellant's] credibility, and bolstered the Commonwealth's case for child endangerment and aggravated assault charges. Further, [Appellant's] testimony would have been repetitive of prior witnesses and evidence. Thus, Attorney Lermitte's strategic advice was reasonably based to aid [Appellant] in making a voluntary, informed decision and did not impair [Appellant's] decision to testify. Therefore, [Appellant]'s [PCRA petition] raises no issues of merit and must be denied.

PCRA Court Opinion, 12/9/19, at 3-5 (unpaginated) (record citation omitted).

As an appellate court, we must defer to the PCRA court's credibility determination. *See Ford*, *supra*. Here, the PCRA court found that Attorney Lermitte, Appellant's trial counsel, credibly testified that she discussed with Appellant, both pretrial and during trial, the issue of taking the stand in her own defense. Appellant simply did not offer any evidence to establish that trial counsel interfered with her freedom to testify. Moreover, as detailed above, the PCRA court noted the reasonableness of Attorney Lermitte's advice and found that Appellant knew of her right to testify but voluntarily, knowingly, and intelligently waived that right. Accordingly, Appellant's ineffectiveness claim is bereft of merit. The PCRA court did not err in denying relief.

Upon conducting our independent review of the record, we conclude that this appeal is in fact meritless.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/10/2020